IN RE LLORENS, QUERELLANTE Y APELANTE, *v.* EL PUEBLO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., sobre infracción del artículo 26 de la Ley Notarial.

No. 1293.—Resuelto en diciembre 13, 1918.

ÍNDICES SEMANALES — CORRECCIÓN DISCIPLINARIA — APELACIÓN IMPROCEDENTE. — En el presente caso, entendiendo el notario que las semanas que no autorice escritura alguna no está obligado a remitir a la corte de distrito el índice notarial que prescribe el artículo 26 de la Ley Notarial, omitió remitirlo, por lo cual fué multado por la corte. Habiendo apelado el notario de la resolución condenatoria, *se resolvió:* que aunque podría quizás existir algún otro medio de revisar la resolución de la corte de distrito, es improcedente el recurso de apelación, porque en la citada ley no se encuentra precepto alguno que autorice tal recurso y no cae la infracción alegada dentro del orden general penal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Llorens Torres.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El notario don Luis Llorens Torres, convencido de que de las semanas en que no autorice escritura alguna no le impone ningún deber la Ley Notarial de remitir el índice semanal a la corte de distrito, no remitió índice alguno a dicha corte. Fué citado para ante la corte y multado por la misma. Contra la resolución de la corte interpuso el pre-

sente recurso de apelación. Es la propia Ley Notarial que le confiere autoridad a la corte para imponer la multa impugnada, y en esa ley no se encuentra precepto alguno que autorice el recurso de apelación.

La falta de remitir el índice de que se trata no ha sido calificada de delito por la legislatura y por lo tanto no cae dentro de las disposiciones generales referentes a las apelaciones de sentencias por delitos graves o menos graves. En estos estatutos especiales se ha concedido generalmente con toda claridad el recurso de apelación.

La sección 27 de la referida ley prescribe que—

"El notario que dejase de cumplir con esta obligación, será corregido disciplinariamente por el juez de la corte de distrito, la primera vez, con multa que no será mayor de 500 dollars; la segunda, con suspensión temporal en el ejercicio del cargo, no pudiendo aquélla exceder de seis meses; y la tercera, con suspensión definitiva."

La multa es una pena administrativa o disciplinaria y no hay intención alguna por parte de la legislatura de constituir en delito la falta de no remitir los índices. En el caso de *El Pueblo* v. *South Atlantic Fruit Co.*, 25 D. P. R. 665, se discutió sobre si se imputaba en la acusación delito alguno, pero el estatuto en el citado caso disponía la formación de proceso por el fiscal y sobre la convicción de sus infractores. Bajo estas circunstancias tenemos que declarar que no se ha cometido delito alguno.

Por lo tanto, aun cuando podría, quizás, existir algún otro medio de obtener la revisión de la resolución de la corte de distrito, es improcedente la apelación establecida contra las multas impuestas con arreglo a la sección 27 de la Ley Notarial, que aprobó la legislatura con la intención de que se estimen de naturaleza sumaria.

Es de desestimarse la apelación.

*Desestimado el recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.